1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

　　　v.

REED ROBERTSON,

　　　　　　Defendant.

Case No.  CR 11-0035-07 PJH

**ORDER DENYING SECOND MOTION
FOR EARLY TERMINATION OF
SUPERVISED RELEASE**

Re: Dkt. No. 212

　　　Before the court is the second motion of defendant Reed Robertson (Robertson) for early termination of supervised release pursuant to 18 U.S.C. § 3583(e).  The government has filed a statement of non-opposition to the motion for early termination. Robertson's motion for early termination of supervised release is DENIED for the reasons set forth below.

　　　On December 7, 2011, Robertson pled guilty to one count of conspiracy to commit wire fraud and bank fraud.  On March 21, 2012, the court sentenced Robertson to 1 day in custody, 5 years supervised release, $100 special assessment and $430,272 restitution.  On October 27, 2013, Robertson filed a motion for early termination of supervised release, which the court denied after holding a hearing on December 4, 2013.

　　　On October 31, 2015, Robertson filed the instant motion for early termination of supervised release, which the government does not oppose.  Robertson seeks early termination so that he can file for reinstatement of his mortgage broker's license.  He notes that he has paid all restitution, completed community service, and has been compliant with U.S. Probation.  He represents that he appreciates the sentence that he

United States District Court
Northern District of California

1    received and that he thoroughly understands the impact his conduct had on the mortgage

2    industry.  In his reply brief, Robertson indicates that he intends to seek the return of his

3    real estate license, which would require that he be off of supervised release and that he

4    litigate the return of his license by the California Board of Realtors.

5         The court ordered a report by the probation office to address Robertson's request

6    for early termination, which the probation office does not support.  The probation officer

7    reports that Robertson has completed 43 months of his 60-month supervision term, and

8    that he is in compliance, having been transferred to a low-risk supervision caseload in

9    December 2013.  There have not been any known significant changes in Robertson's

10   status since his prior request for early termination, which was denied, and Robertson has

11   expressed a desire to obtain his real estate license as recently as November 18, 2015.

12   The probation officer recommends that given the nature of the conviction offense, which

13   was based on a mortgage fraud scheme, Robertson's area of employment warrants

14   additional focus, particularly real estate.  The probation officer further reports that during

15   a phone conversation about one year ago, Robertson stated that being on supervision

16   interfered with his social life and that his crime was not that bad, raising concerns about

17   Robertson's lack of understanding about the serious nature of his crime.  The probation

18   office takes the position that early termination of supervision is warranted where there are

19   extenuating circumstances or above-average conduct, but that compliance with the terms

20   of supervision is expected and does not, alone, warrant early termination.

21        Early termination of supervised release is governed by 18 U.S.C. § 3583(e),

22   which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C),

23   (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  *See United States v. Gross*, 307 F.3d 1043,

24   1044 (9th Cir. 2002).  After considering those § 3553(a) factors, the court may "terminate

25   a term of supervised release and discharge the defendant released at any time after the

26   expiration of one year of supervised release, pursuant to the provisions of the Federal

27   Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that

28   such action is warranted by the conduct of the defendant released and the interest of

2

United States District Court
Northern District of California

1   justice."  18 U.S.C. § 3583(e)(1).  *See United States v. Miller*, 205 F.3d 1098, 1101 (9th

2   Cir. 2000) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).

3           The court sentenced Robertson to one day in custody followed by five years of

4   supervised release, as well as restitution and a special assessment, upon considering the

5   factors listed in § 3553(a) and determining that the sentence was appropriately tailored to

6   provide just punishment for the offense, the seriousness of which was reflected in the

7   Guidelines range of 21 to 27 months in prison.  Having considered the relevant § 3553(a)

8   factors on the motion for early termination, particularly the nature and circumstances of

9   the offense and the need for deterrence, and finding no changed circumstances, such as

10  exceptionally good behavior during supervision, that would render the term of supervision

11  either too harsh or inappropriately tailored to reflect the seriousness of the offense, to

12  promote respect for the law, and to provide just punishment for the offense, the court

13  determines that early termination of supervised release is not warranted by Robertson's

14  conduct and the interest of justice.  *See United States v. Emmett*, 749 F.3d 817, 819 (9th

15  Cir. 2014).  The possibility that Robertson would be under the supervision of the Board of

16  Realtors, if his supervised release is terminated and his real estate license is reinstated,

17  does not serve the general punishment goals of section 3553(a), particularly in light of the

18  fact that Robertson was so supervised when he was licensed and was engaged in the

19  criminal activity for which he was convicted.  Robertson's record of compliance with the

20  conditions of his supervised release, though commendable, is expected from a person on

21  supervision and does not constitute exceptional behavior that would warrant early

22  termination.  *See United States v. Bauer*, CR 09-980 EJD, 2012 WL 1259251 (N.D. Cal.

23  Apr. 13, 2012) ("compliance with release conditions, resumption of employment and

24  engagement of family life [ ] are expected milestones rather than a change of

25  circumstances rendering continued supervision no longer appropriate"); *United States v.*

26  *Grossi*, CR 04-40127 DLJ, 2011 WL 704364 (N.D. Cal. Feb. 18, 2011) ("Mere

27  compliance with the terms of supervised release is what is expected, and without more, is

28  insufficient to justify early termination.").

1          Accordingly, Robertson's motion for early termination of supervised release is

2    DENIED.  There shall be no modification to the terms or conditions of supervised release.

3          **IT IS SO ORDERED.**

4    Dated:  November 30, 2015

5    _____

6          PHYLLIS J. HAMILTON
        United States District Judge